KEVIN SIMMONS
P23096, C2-124, CSP
BOX-4610
LANCASTER CA. 93539
    ACTING IN PRO PER

FILED
CLERK, U.S. DISTRICT COURT

04/26/2016

CENTRAL DISTRICT OF CALIFORNIA
BY: AP        DEPUTY

LP

UNITED STATES DISTRICT
Court CENTRAL District of California

2:16-cv-02858-R(KES)

KEVIN SIMMONS
        Plaintiff

    V.

G. ARNETT, eT aL.,
        Defendants

CASE NO. _____
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983
FOR EXCESSIVE USE of FORCE
RACIAL PROFILING, AND A
GROUP COVER UP OF THE USE
of EXCESSIVE FORCE CAUSING
SERIOUS INJURIES.

A. PREVIOUS LAWSUITS
    1. NO. This is Plaintiff's First.

B. EXHAUSTION OF Administrative REMEDIES
    1. The Plaintiff Exhausted his CDCR 602 REMEDIES
AS FAR AS The APPEALS Coordinator would Allow With Their
often used SCREENING TATICS BEGINING (DEC. 2013 Thru Aug 2014)
602 TO Third LeveL. Gov. Claims Board, 1-16-14 #G415720 , SEE Exhibit-4

    C.        JURISDICTION
This is A Civil Rights ACTION uNDER 42 U.S.C. §1983.
AND This Court hAS Jurisdiction uNDER 28 U.S.C. §,
1343.8. Plaintiff also invokes The Pendent Jurisdiction
of This Court. This Complaint Alleges That The Plaintiffs
civil Rights WERE violated by The INTENTIONAILY ACTIONS
of The DEFENDANTS, G. ARNETT, M. LoPEZ, SGT. ROMO, AND
J. SoTo, WARDEN, ET, aL. which ACTIONS WERE DIRECTED,

(1)

AGAINST the Plaintiff in FC B4 C-Sect upper Shower
Located At Lancaster State Prison, in Lancaster
California 93534.

ON 11-28-13 (Claim-I) the Plaintiff Allege That Excessive
force was used on Him while He was being Victimize
by A Hispanic inmate Twice and a Half the Size of the
Plaintiff. the Plaintiff had been Hit on the Right Side
of his Head which Dazed him.

At the exact Time Defendant G. ARNETT Shot the Plaintiff
in his Left Leg which Cause the Plaintiff to Fall
To His Knee's. while Trying to Cover My Head to
Try and Avoid the Punches the over Size INMATE
Continue To Hit ME in The Head and Face with
Force.

The Plaintiff Continued to hear Shots Fired and
Each Time I Felt the Bullet Hit My Right Leg
while on My Knee's Holding The inmate Around His
Legs Pressing My Face Tightly To His Legs, I Continue
To Hear The Loud Bangs and Each Time the shots were
Hitting me the Last one Hitting ME in the Butt
on The Right Side.          See Exhibit 1 & 3

Claim II, it was clearly Seen on 11-28-13 That the Plaintiff
was The Victim in The act of "Mutual Combat," when All
The Hispanic Buddies where chanting Throw His A__! off
The Tier! AND being The Victim on MY Knee's Trying to
Avoid Not to be beating to bad or Even Knocked
out. I Strongly Feel Discrimination. on My Knee's with

1  A "shot" Broken Leg. The Mexicans shooting for their race
2  to throw myself off the tier. And Defendant
3  G. ARNETT Repeatedly fire's his 40mm Hitting me the
4  victim Reloading and Continue Aiming at me
5  firing and Hitting his Target Each Time! Plaintiff
6  Alleged RACIAL Profiling.
7  BY The DEFENDANTS – Intentionally with Deliberate
8  Indifference fail to completely Document All Three
9  shots that were fired from the 40mm weapon and
10 Hit the Plaintiff ALL THREE Times.

11                    See Exhibit 5
12 Palmdale Medical Center Treatment of Skin
13 Assessment. Compaired to the Incomplete 7219
14 the Defendants poorly Prepaired.  See Exhibit 2
15 LVN M. Lopez and SST. Romo.

16 1.) Defendant G. ARNETT works at California
17 State Prison – Los Angeles County. 44750 60th Street West
18 Lancaster CA. 93536-7620. CORRECTIONAL officer. This
19 Defendant is sued in his Individual and official
20 Capacity.
21 while Acting under color of Law with the Duty of
22 Providing a Safe Living Condition for the Plaintiff
23 And to Protect the Plaintiff from being Assaulted
24 by other Inmates. The Defendant chose to while the
25 Plaintiff was Already being Assaulted by a Mexican
26 Three Times His Size.
27 Join in with Excessive force And shot the Plaintiff
28 Three Times with his 40mm Causing Serious Injury Broken Bones

2.) Defendant M. LOPEZ Works at California State Prison-Los Angeles County. 44750 60TH Street West, Lancaster CA. 93536-7620. LVN, LICENSE VOCATIONAL NURSE. This Defendant is sued in her Individual and official CAPACITY, while Acting under color of LAW with the Duty of Providing a Professional Level of Health CARE.

which inclueds Documenting Injuries found, unusual occurrence use of force Medical Reports Reported Honestly AND NOT Altered for ANY ONE Always Providing Professional Health CARE. This Health CARE Provider AN LVN chose to CHANGE The Plaintiff statement of "NO COMMENT."

And Write in Brief statement of SubJects words in which Sgt. Romo instructed her Lopez to Write. TAKING PART IN COVERING up the Civil Rights Violation.
                    See Exhibit 2

3.) Defendant Sgt. ROMO Works at California State Prison-Los Angeles County. 44750 60TH Street West, LANCASTER CA. 93536-7620 CORRECTIONAL Sgt. This Defendant is sued in his Individual and official CAPACITY, while Acting under color of LAW with the Duty of Supervision over 25 CORRECTIONAL officers The Release of Five Buildings of Inmates for chow, THEN WORK Release,

THEN Providing A SAFE Enviorment for Yard AND Excercise AND A Duty to Provide A SAFE Living Condition

4) Defendant Sgt. J. Sebok Works at California State Prison-Los Angeles County 44750 60TH Street West Lancaster, CA 93536-7620 Sgt. Sebok is Sued in his Individual and official CAPACITY while Acting under of LAW Made PeJured Statement. See Plaintiffors Statement
                    1 See exhibit-2

(4)

1  5.) Defendant J. Soto, Warden, Worked At California
2  State Prison-Los Angeles County 44750 60th street
3  West, Lancaster CA. 93536-7620 WARDEN This Defendant
4  is sued in his Individual And Official Capacity, While
5  Acting under color of Law, with the Duty of being
6  Responsible for The over all Operations of the Prison
7  And Employees And Their Actions And inactions.

8

9  D. claims
10  The following civil Right has been violated:
11  First Cause of Action
12  the Plaintiffs fourteenth Amendant Right To be Free
13  of unjustified And Excessive use of force was violated
14  when;
15  a) The Plaintiff being the victim of an assault by a
16  Mexican (3) Times his Size, who Asked The Plaintiff a
17  Question And At The Same Time sucker Punched The
18  Plaintiff in The Face Dazing Me, it was Like Defendant
19  #o G. Arnett, was Waiting for the Punch.
20  Directly After The Mexican Punch Me in The Face
21  G. Arnett, Fired His 40mm Hitting Me in The Left Leg Breaking
22  My fibula And My Tibia, I'm on My Knee's unable To Get
23  To My feet, Trying To Cover My Face And Head from
24  The Licks The Mexican is Landing upside My head.
25  A Second Loud Shot Sounds off And I feel
26  The hard impack The Round Hits Me in My Leg Area
27  Again, As The Mexican's Buddys or home boys Are shouting
28  Throw His Blk. A__! off The Tier, At which Time I fell

(5)

1  FORWARD WRAPPING MY ARMS AROUND THE MEX.
2  LEGS So he Couldnt Throw ME off THE Tier HE WAS
3  SureLY LARGE ENough. And A Third Round Sounds off
4  This Time Hitting ME on THE Right Side of MY Butt.
5  The Mexican is STanding over ME Just Beating ME
6  I have NO Idea why.
7      And ClearLY IM The Victim But Defendant G.,
8  ARNETT, Decides To Violate MY 14TH Amendment Right To
9  be FREE of unJustified and EXCESSIVE USE of FORCE
10 AND while The Mexican is Beating ME With His
11 fist Defendant G. ARNETT, with inTent DeLiberately indiffe
12 RENCE.
13     Load Aim his 40mm AT The Plaintiff AND USE
14 The Plaintiff Body AS Target PracTice. Hitting The
15 Plaintiff Each Three Time's He fired The 40mm with
16 ReckLess DisReGard to the Plaintiffs Civil Rights!
17 AND The Violation of Sot. J. Sebok Going ALong
18 with Sot. Romo when He had LVN M. Lopez Alter
19 AND Document false statements.
20 oN The Plaintiffs CDCR 7219 Medical RePort of
21 INJury OR unusual OCCuRRENCE, AltERing The
22 Plaintiff's STatEment of "NO COMMENT" AND CHANGING
23 Plaintiff STatEment to SAY I huRt MY Leg WHEN I
24     SLiPPeD iN WATER. A Violation of THE NURSING
25 Oath to Provide adeQuate Medical CARE And Patient
26 Trust iN There HeaLth CARE Provider.y
27            SEE Exhibit-2
28 VioLation of Cover uP CDCR, Title 15, § 3268.1(a)(4)(2) Reflecting USE of force
            (6)

<u>Second Cause of Action</u>

<u>Racial Profiling</u> with <u>Acts of Discrimination</u>, the
Defendants Acts And Omissions were Not of All Inmates
All Inmates of All Races Must have the Same Rights
And Treated Equally And to the Same Rights.

And Treated Equally And to the Full And Equal
Benefits of All Proceedings, Punishment, Treatments for the
Security of Persons And Property As is Enjoyed by
White Citizens!

Virtually All Acts of Prison officials are Committed
under Color of State Law, in the Plaintiff's Situation I was
Walking the Tier Doing My Assign Job Writing Down Cell
Number's of Inmates who Desired A Hair Cut.

The Inmate Coming Towards Me was Mexican.
He was Three Time's My Size And His NOSE was
Bleeding, When he Reached the Plaintiff He Asked Did
I see A Mexican Name Puncho?

I Replyed To Him I Didn't Want to Get Involved, At
That Same Time The Mexican Sucker Punched Me in
The Face it was A Good Lick it Dazed Me. it was
As G. Arnett, Sent this Mexican To Assault Me.

Because Like clock Work As I Attempt to Regain My
Composure G. Arnett, Fire's His 40mm. Hitting Me, And
Surely He Saw This Mexican Hit Me in The Face
Racially Profiling The Blk. Man. He chose to Shot Me
in The Leg Breaking it.

The Mexican's on The Bottom Tier Making Racial State
ments A Couple Time's use The [N] word, the Defendant,

(7)

1  G. Arnett, Decide's To shoot the Plaintiff Two (2) More
2  Time's And Write His Report that with Inmate Move-
3  ment He Couldn't tell if He Hit The Plaintiff, only Thing
4  The Plaintiff was Directly Across From Arnett, on His Knee's
5  unable to Move, Like shooting At A Duck in Small Pond,
6  The Defendant ordered Get Down One Time After
7  He had shot the Plaintiff Three Time's, And Responding
8  Staff Had Reached the Building,

9            Request For Relief
10  The Lost of Constitutional Rights Even For A
11  short Period of Time Such As five minutes
12  Constitutes irreparable injury in more ways Than
13  one, Elrod v. Burns, 427 u.s. 347, 373 (1976).
14  Deerfield Medical Center v. City of Deerfield Beach
15  661 f.2d 328, 338 (5th cir. 1981).
16  The Lost of the Plaintiff 14th Amendment Right
17  To be Free of unJustified And Excessive use of
18  Force For only A Few Minutes has cause The
19  Plaintiff to have to Suffer The Rest of his Life
20  of irreparable injury which Required Reconstructive
21  Surgery and Metal Rods.
22  Placed Down The middle of Both Broken Bones To
23  Keep The Bone's Together, Not to Mention The Continued
24  Pain And Suffering And The Need of use of
25  Cane To Walk! I Believe That I Am Entitled to
26  The following Relief of $1,500,000.00

27
28  4-22-16                    Kevin Simmons

## Declaration

I understand that a false statement or answer to any questions in this Declaration will subject me to penalties for perjury.

Kevin Simmons .

I Kevin Simmons Declare under Penalty of Perjury that the foregoing is true and correct.

Signed this __22__ day of __April__ 2016

Kevin Simmons

EXHIBIT-1

(9)

*FINAL COPY OF RVR*

☐ EOP   ☒ CCCMS   ☐ CLEAR

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RULES VIOLATION REPORT

804 to records on _____ By: _____

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | DIST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| P-23096 | SIMMONS | | | CSP-LAC | FCB1-212U | C13-11-0089 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| CCR §3005(d)(1) | FIGHTING | | | FCB4, C-SEC. | 11-28-13 | 1003 |

CIRCUMSTANCES

On November 28, 2013, at approximately 1003 hours, while performing my duties as Facility C building 4 Control Booth Officer, I observed Inmates SIMMONS (P-23096, FCB1-212U) and MURRILLO (T-27042, FCB4-208U) fighting on the C-section upper tier. Both inmates were hitting each other in the face and upper body area with their fists. I immediately notified Central Control over the institutional radio, "Central Control I have a Code 1, two inmates fighting on the C-section top tier." I then activated my personal alarm device and ordered both inmates to stop fighting and get down. Simmons and Murrillo ignored my orders to stop fighting. From approximately 30 feet away in an elevated position I utilized my 40mm launcher (#D23952) loaded with one Direct Exact Impact Sponge Round, aiming at Zone-One of Inmate Simmons' lower left leg, I discharged one round. Due to inmates movement I could not see if the round made contact. I again ordered the inmates to stop fighting. Both inmates ignored my orders to stop fighting. I reloaded my 40mm launcher with one Direct Exact Impact Sponge Round and aiming from approximately 30 feet at Zone-One of Simmons' lower left leg discharged one round. Due to inmates movement I did not see round make contact. I again ordered the inmates to stop fighting. Both inmates ignored my orders and continued fighting. I reloaded my 40mm launcher with one Direct Exact Impact Sponge Round and aiming from approximately 30 feet at Zone-One of Simmons' left leg discharged one round. Again due to inmates movement I did not see round make contact. At this time both inmates complied with my orders, stopped fighting and got down on the floor in a prone position. Responding staff handcuffed both inmates and escorted Murrillo out of the building. Inmate Simmons was carried out of the building on a medical gurney due to a severe injury from fighting to his left ankle.
Inmate SIMMONS is aware of this report.
Inmate SIMMONS is a participant in the Mental Health Services Delivery System at the CCCMS level of care.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| G. Arnett, Correctional Officer | | 11/29/13 | C4 Control | F/S |
| REVIEWING EMPLOYEE (Typed Name and Signature) | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
| J. Setyok, Correctional Sergeant | 11/29/13 | DATE: N/A   LOC. N/A | | |
| CLASSIFIED | OFFENSE DIVISION: | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | |
| ☐ ADMINISTRATIVE ☒ SERIOUS | D  12/2/13 | ► M. Núñez, Captain | ☐ HO ☐ SHO ☐ SC ☐ FC | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ► | 12/2/13 | 1800 | ☒ SUMMARY OF DISCIPLINARY PROCEDURES (115 Back Page) | |
| | | | | ☒ SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS (115A Back Page) | |
| ☒ INCIDENT REPORT LOG NUMBER: LAC-C04-13-11-0744 | BY: (STAFF'S SIGNATURE) ► | DATE 12/10/13 | TIME 1800 | BY: (STAFF'S SIGNATURE) ► | DATE 12/2/13 | TIME 1800 |
| HEARING | Issued copy of 7219s & Compatibility Chrono on 12/2/13 @ 1800 R. Graves | | | | |

THE STAFF MEMBER ISSUING THE INITIAL COPY SHALL COMPLETE THIS SECTION

Assistance Provided To Ensure Effective Communication

☐ Use of Text Magnifier  ☐ Read Documents to "S"  ☐ Lip Reading
☐ Foreign Language Interpreter  ☐ Sign Language Interpreter  ☐ Written Notes (see attached noted)
☒ Simple English  ☐ "S" was wearing his hearing aid(s)  ☐ S.A. Assigned
☐ "S" stated he did not need any assistance for effective communication

Method Used To Determine Communication Was Effective:

☒ "S" reiterated in his own words what was explained  ☐ "S" asked appropriate questions regarding the information provided
☐ "S" provided appropriate substantive responses to questions asked  ☐ "S" did not appear to understand the communication, even though the primary method of
☐ Other  communication was used.

| SIGNATURE OF EMPLOYEE WHO COMPLETED THIS SECTION | PRINTED NAME OF EMPLOYEE | DATE SIGNED |
|---|---|---|
| X | K. Graves | 12/2/13 |

**(REFER TO RULES VIOLATION REPORT – PART C FOR HEARING PORTION)**

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| G. Marshall, Correctional Lieutenant (SHO) | | 12/24/13 | 1900 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | TIME |
| ► M. Núñez, Captain | 12/26/13 | ► D.V. Williams, Associate Warden (A) | 12-26-13 | |
| ☒ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ► | | DATE 12/26/13 | TIME 1800 |

CDC 115 (7/88)

(10)

# EXHIBIT 2

(16)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# MEDICAL REPORT OF INJURY
## OR UNUSUAL OCCURRENCE

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| TSP-LAC | A2T2 | USE OF FORCE / INJURY / UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 11-28-13 |

| | NAME   LAST | FIRST | CDC NUMBER | HOUSING LOC. | NEW HOUSING LOC. |
|---|---|---|---|---|---|
| THIS SECTION FOR INMATE ONLY | Simmons | Kevin | P35096 | A4 C12-12 | |

| | NAME   LAST | FIRST | BADGE # | RANK/CLASS | ASSIGNMENT/RDOs |
|---|---|---|---|---|---|
| THIS SECTION FOR STAFF ONLY | | | | | |

| | NAME   LAST | FIRST | MIDDLE | DOB | OCCUPATION |
|---|---|---|---|---|---|
| THIS SECTION FOR VISITOR ONLY | | | | | |

| | HOME ADDRESS | CITY | STATE | ZIP | HOME PHONE |
|---|---|---|---|---|---|
| | | | | | |

| PLACE OF OCCURRENCE | DATE/TIME OF OCCURRENCE | NAME OF WITNESS(ES) |
|---|---|---|
| C. Morton | 11-28-13   1010 | |

| TIME NOTIFIED | TIME SEEN | ESCORTED BY | MODE OF ARRIVAL (circle) | AGE | RACE | SEX |
|---|---|---|---|---|---|---|
| 1010 | 1015 | Debntz | LITTER / WHEELCHAIR / AMBULATORY / ON SITE / Gurney | 49 | BLK | M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

No comment  / I hurting leg when I slipped in water //

| INJURIES FOUND? | YES / NO | |
|---|---|---|
| Abrasion/Scratch | 1 | |
| Active Bleeding | 2 | |
| Broken Bone | 3 | |
| Bruise/Discolored Area | 4 | |
| Burn | 5 | |
| Dislocation | 6 | |
| Dried Blood | 7 | |
| Fresh Tattoo | 8 | |
| Cut/Laceration/Slash | 9 | |
| O.C. Spray Area | 10 | |
| Pain | 11 | |
| Protrusion | 12 | |
| Puncture | 13 | |
| Reddened Area | 14 | |
| Skin Flap | 15 | |
| Swollen Area | 16 | |
| Other | 17 | |
| | 18 | |
| | 19 | |

| | |
|---|---|
| O.C. SPRAY EXPOSURE? | YES / NO |
| DECONTAMINATED? | YES / NO |
| Self-decontamination Instructions given? | YES / NO |
| Refused decontamination? | YES / NO |
| Q 15 min. checks | |
| Staff issued exposure packet? | YES / NO |

| RN NOTIFIED/TIME | PHYSICIAN NOTIFIED/TIME |
|---|---|
| 1020 Sittern | N/A |

| TIME/DISPOSITION | | REPORT COMPLETED BY/TITLE   (PRINT AND SIGN) | BADGE # | RDOs |
|---|---|---|---|---|
| 1030 to TTA | | M. Lopez   LVN | 216 3247 | M/T |

*Medical data is to be included in progress note or emergency care record filed in UHR.*

CDCR 7219 (Rev. 11/05)   DISTRIBUTION:   ORIGINAL - Custody     CANARY - Inmate/Employee     PINK - Health and Safety / RTW Coordinator (only work related injury)

(12)

# EXHIBIT 3

# SKIN ASSESSMENT

**PRESSURE ULCERS / RASH / EXCORIATION / SKIN TEARS / OTHER:**

Describe: SURGICAL DSG.

Start: _SURGICAL DSG.  COVER TO ____ CLEAR BANDAGES OFF CMO_

I.V. FLUID: ___
SITE: ___
DATE OF LINE / I.V. INSERTION: ___
DRESSING CHANGED: ___

| MEDICATION | PRESCRIPTION | DATE & TIME LAST DOSE |
|---|---|---|
| NONE | | |

**LOCATE ON CHART ALL PRESSURE ULCERS / RASHES / EXCORIATIONS / SKIN TEARS / G-TUBES / FOLEYS/ I.V.'s**

R          FRONT          L    L          BACK          R

DATE: 12-01-13

SIGNATURE: _____ RN

PALMDALE REGIONAL
MEDICAL CENTER

PATIENT TRANSFER AND REFERRAL RECORD
Page 2 of 2
FORM #1542 (1/11)

Vaccines given (if applicable):

Pneumococcal ☐ Yes ☐ NA  Date ___
Flu ☐ Yes ☐ NA  Date ___

REFUSES
REFUSES

Patient Identification

3005384379-10164342
SIMMONS, KEVIN
DOB: 09/19/1964    49  Y  SX: M
MRN: 10164342    ADM/REG DT: 11/28/2013
Palmdale Regional Medical Center  EMR

M., M.,P.A.

DC0131

CSP-LAC HC Records - Received
DEC 02 2013

Confidential Saved 2014-01-07T16:46:57Z

(14)

# EXHIBIT 9

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1



1312318

P23096

**TAB USE ONLY**

Institution/Parole Region:   Log #:   Category:
LAC    14-00023    7
FOR STAFF USE ONLY

You n... ...(California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed; only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.       WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|---|
| Simmons | Kevin | #P-23096 | C-2-124-L | Medically U/A |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

**EXCESSIVE USE OF FORCE/RACIAL PROFILING**

DEC 27 2013

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A):

On November 28, 2013 at approximately 10:00 am I was involved in defend-
ing myself from being attacked by another inmate at which time I was
racially profiled by Correctional Officer G. Arnett who specifically

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): $1,500,000.

I'm requesting the sum of $500,000.00 against C/O Arnett and CDCR for
failing to train properly on the USE OF FORCE POLICY which resulted to
excessive force being used to cause permanent Great Bodily Injury on me.

Supporting Documents: Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

RVR Final Copy Dated 11/28/13       CDCR 837-A. Crime/Incident Report
#7219 Injury Report Dated 11/28/13

☐ No, I have not attached any supporting documents. Reason:

Inmate/Parolee Signature:                        Date Submitted: 12-25-13
☐ By placing my initials in this box, I waive my right to receive an interview.

**C. First Level - Staff Use Only**       Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes;  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date:_____ Date:_____ Date:_____ Date:_____
☐ Cancelled (See attached letter) Date:_____
☐ Accepted at the First Level of Review.
Assigned to:_____ Title:_____ Date Assigned:_____ Date Due:_____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview:_____ Interview Location:_____

Your appeal issue is: ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other:_____
See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer:_____ Title:_____ Signature:_____ Date completed:_____
        (Print Name)
Reviewer:_____ Title:_____ Signature:_____
        (Print Name)
Date received by AC:_____

AC Use Only
Date mailed/delivered to appellant _____ / _____ / _____

RECEIVED
JUN 01 2014
INMATE APPEALS BRANCH

APPEALS BRANCH
RECEIVED
APR 09 2014
INMATE APPEALS BRANCH

MAY 22
APPEALS BRANCH RECEIVED

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Simmons    Kevin | #P-23096 | C-2-124-L | Medically   DEC 27 2013 |

**A. Continuation of CDCR 602, Section A only (Explain your issue):**

aimed and shot me with his 40 mm Block Gun Weapon that caused my left
leg to break completely in half. Upon me being seen by medical staff
I clearly informed Nurse M. Lopez that I had no comments to make about
the incident! However, once nurse Lopez realized that Officer Arnett
had actually shot me and broke my left leg by using excessive force,
she immediately went back and falsified my #7219 Medical Injury Report
by falsely writing that I had slipped and fell into some water and
hurt my own leg. Nurse Lopez also neglected to identify on my #7219
Injury Report that I had suffered a broken bone. Nevertheless, C/O
Arnett clearly admits in his own written report that he specifically
aimed and shot my left leg three times which resulted to it being broke
in half and requiring emergency reconstructive surgery with metal rods
to hold the bone back together. C/O Arnett further admits in his own
written report that such fight was a mutual fight without neither.
inmate being the aggressor over the other. CCR, Title 15, #3268 (a)(3)
was clearly violated under CDCR USE OF FORCE POLICY which was attempted
to being covered up by both medical staff and custody staff! I was
clearly the target of racial profiling by C/O Arnett by his own report!

Inmate/Parolee Signature: _Kevin Simmons_        Date Submitted: 12-25-13

**B. Continuation of CDCR 602, Section B only (Action requested):**

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____        Date Submitted: _____

(17)

STATE OF CALIFORNIA                                DEPARTMENT OF CORRECTIONS AND REHABILITATION
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858  (Rev. 10/06)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

Simmons Kevin        Kevin Simmons        5-15-14
COMPLAINANT'S PRINTED NAME     COMPLAINANT'S SIGNATURE     DATE SIGNED

INMATE/PAROLEE PRINTED NAME     INMATE/PAROLEE'S SIGNATURE     CDC NUMBER | DATE SIGNED

Simmons Kevin        Kevin Simmons        P-23096 | 5-15-14
RECEIVING STAFF'S PRINTED NAME     RECEIVING STAFF'S SIGNATURE     DATE SIGNED

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

PLEASE TAKE NOTICE THAAT STAFF ARE REFUSING TO SIGN THIS FORM;

(18)

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date  :  February 10, 2014

To  :  SIMMONS,P-23096
FCB2- 124L
California State Prison-Los Angeles County

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL # LAC-C-14-00023 SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**
First Level was by passed; you submitted this staff complaint based on the allegation of staff misconduct by Correctional Officer G. Arnett.

**DETERMINATION OF ISSUE:**
Your allegation of staff misconduct has been reviewed by the hiring Authority.  As a result of that review your appeal was referred for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on February 9, 2014, by Lieutenant I. Mijares. You allege that you were involved in a fight on November 28, 2014, where Correctional Officer G. Arnett used excessive force by firing the 40 mm direct launcher and striking you three (3) times with direct impact rounds causing your left leg to break, requiring emergency reconstructive surgery. You are requesting $1,500,000 from the California Department of Corrections and Rehabilitation (CDCR) and Officer Arnett.  You allege that CDCR is liable for failing to properly to train Officer G. Arnett in the Use of Force that resulted in permanent Great Bodily Injury (GBI) to you.

> ➤ **An Appeal Inquiry has been conducted and reviewed by the hiring authority.**
> There were no other interviews conducted.   The following information was reviewed: the Inmate Appeal Form LAC-C-14-00023, The 1858 Rights and Responsibility Statement.  It is determined that staff did not violate CDCR policy with respect to the issues raised.

**FINDINGS:**
A review of the incident package dated November 28, 2013 Log # LAC-C04-13-11-0744, You were was Interview by Sergeant J. Sebok after the fight, you stated to him that he had sustained his injury to his left leg when he slipped on water by the shower during the fight. The CDCR 7219 Medical Report of Injury or Unusual Occurrence revealed that appellant sustained an injury to his left leg. You stated to License Vocational Nurse (LVN) M. Lopez that you had sustained his injury to his left leg while fighting when he slipped on water.  On January 8, 2014 the Institutional Executive Review Committee (IERC) conducted a review of the Use of Force incident package, report of findings and the CDCR 7219 Medical Report of Injury or Unusual Occurrence.

(19)

SIMMONS P-23096, LAC-C-14-00023
PAGE 2.

The IERC reviewed and determined that Officer G. Arnett actions prior, during and following the use of force were in compliance with policy, procedures, and training. Officer Arnett used of force was reasonable based on the totality of the situation as stated in the incident package. your allegation that Officer Arnett used excessive use of force is not sustained. The $ 1,500.000 dollars you are requesting is denied; monetary damages are not within the 602 Inmate/Parole Appeal Process.

**ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.**

As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, your administrative remedies will be considered exhausted.

Name  I. Mijares          Signature _____  5-16-14
         Interviewer                                    Date

Name  Bivaflin            Signature _____  3/20/14
        Hiring Authority                                Date

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## THIRD LEVEL APPEAL DECISION

Date:   OCT 1 7 2014

In re:   Kevin Simmons, P23096
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA  93536-7620

TLR Case No.: 1312318          Local Log No.: LAC-14-00023

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner D. Foston, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he was the victim of excessive force and racial profiling. The appellant states that on November 28, 2013, he was defending himself from another inmate at which time he was racially profiled by Correctional Officer (CO) G. Arnett. The appellant states CO Arnett shot him on the left leg with his 40mm block gun. The appellant states his leg was broke completely in half because of being shot. He alleges that Nurse Lopez falsified the CDC Form 7219, Medical Report of Injury or Unusual Occurrence, after she realized CO Arnett had shot him and broke his leg. The appellant contends that CO Arnett's own report reflects that he shot the appellant in the left leg three different times. The appellant alleges he was the target of racial profiling and the incident is being covered up by medical and custody staff. The appellant requests "$1,500,000.00 against CO Arnett and CDCR" for failing to properly train Use of Force.

**II   SECOND LEVEL'S DECISION:** The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:** Appeal is denied.

    **A.   FINDINGS:** Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

    **B.   BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3001, 3004, 3005, 3084.1, 3268, 3268.1, 3270, 3271, 3286, 3084.9, 3391

(21)

KEVIN SIMMONS, P23096
CASE NO. 1312318
PAGE 2

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

D. FOSTON, Appeals Examiner
Office of Appeals

cc:    Warden, LAC
       Appeals Coordinator, LAC

R. L. BRIGGS Chief (A)
Office of Appeals

(22)


Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
EDMUND G. BROWN JR., Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

MARYBEL BATJER
Secretary
Government Operations Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
JULIE NAUMAN
Executive Officer

Kevin A Simmons P23096
PO Box 4610
Lancaster, CA  93539

January 16, 2014

RE:  Claim G615720 for Kevin A Simmons, P23096

Dear Kevin Simmons,

The Victim Compensation and Government Claims Board (Board) received your claim on January 06, 2014.

Your claim is accepted only to the extent that it was presented no later than six months after the accrual of the cause of action.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The Board will act on your claim at the February 20, 2014 meeting.  You do not need to appear at this meeting.  The Board's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 120 and claim number G615720 when you call or write your claim technician or analyst at (800) 955-0045 or (916) 491-3700.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc:  Corrections and Rehabilitation

Ltr 120 Complex Issue Reject - 6 Month Qualify

(23)

# EXHIBIT  5



Femur

Fibula

Tibia

Fracture

Foot bones

You have a break (fracture) of the leg. A fracture is treated with a splint or cast or special boot. It will take at about 4-6 weeks for the fracture to heal. Surgery may be needed to fix severe injuries.

**HOME CARE:**
You will be given a splint, cast, boot, or other device to prevent movement at the site of injury.
   Unless you were told otherwise, use crutches or a walker and do not bear weight on the injured leg until cleared by your doctor to do so. (Crutches and walkers can be rented at many pharmacies and surgical/orthopedic supply stores).
Keep your leg elevated to reduce pain and swelling. When sleeping, place a pillow under the injured leg. When sitting, support the injured leg so it is level with your waist. This is very important during the first 48 hours.
Apply an ice pack (ice cubes in a plastic bag, wrapped in a towel) over the injured area for 20 minutes every 1-2 hours the first day. You can place the ice pack directly over the splint/cast. Continue with ice packs 3-4 times a day for the next two days, then as needed for the relief of pain and

Patient Name: SIMMONS, KEVIN
MRN: PRM10164342
FIN: PRM0003005384379
6 of 12
12/1/2013 13:36:06   CSP IAC HC Records - Received
Confidential Saved 2014-01-02T16:46:57Z

DEC 0 2 2013

25

DEC 27 2013

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## CRIME / INCIDENT REPORT
## PART C – STAFF REPORT
CDCR 837-C (REV. 10/06)

| | | | |
|---|---|---|---|
| Page **1** of **1** | | INCIDENT LOG NUMBER | LAC-C04-13-11-0744 |

| NAME: LAST | FIRST | MI | INCIDENT DATE | INCIDENT TIME |
|---|---|---|---|---|
| ARNETT | | R. | 11/28/2013 | 10:03 |

| POST # | POSITION | YEARS OF SERVICE | DATE OF REPORT | LOCATION OF INCIDENT |
|---|---|---|---|---|
| 231842 | C-4 CONTROL | 8 YR. 8 MO. | 11/28/2013 | FCB4,C-SECTION |

| RDO's | DUTY HOURS | DESCRIPTION OF CRIME / INCIDENT | CCR SECTION / RULE |
|---|---|---|---|
| F/S | 14:00 - 22:00 | Fighting Resulting In Use Of Force | 3005(d)(1) |

| YOUR ROLE | WITNESSES (PREFACE S-STAFF, V-VISITOR, O-OTHER) | INMATES (PREFACE S-SUSPECT, V-VICTIM, W-WITNESS) | |
|---|---|---|---|
| PRIMARY | | MURRILLO #T-27042 | S |
| | | SIMMONS #P-23096 | S |

### FORCE USED BY YOU – TYPE OF WEAPON / SHOTS FIRED / FORCE

| N/A | PHYSICAL: | WEAPON: | WARNING | EFFECT: | LAUNCHER: | EFFECT: | CHEMICAL / TYPE |
|---|---|---|---|---|---|---|---|
| | ☐ EXPANDABLE BATON | ☐ MINI-14 | | | ☐ 37 MM | | ☐ OC |
| | ☒ RESTRAINT TECHNIQUES | ☐ .38 CAL | | | ☐ L8 | | ☐ CN |
| | | ☐ 9MM | | | ☒ 40MM | (◯) NEGATIVE | ☐ CS |
| FORCE OBSERVED BY YOU | ☐ HANDS | ☐ SHOTGUN | | | ☐ 40 MM MULTI | | ☐ OTHER |
| NONE | ☐ FEET | | | | ☐ HFWRS | | |
| | ☐ OTHER FORCE NOT LISTED ABOVE: | | | | | | |

| | EVIDENCE DESCRIPTION | EVIDENCE DISPOSITION | BIO HAZARD | PPE |
|---|---|---|---|---|
| EVIDENCE COLLECTED BY YOU | ☒ N/A | ☒ N/A | ☐ Yes | ☐ Yes |
| ☐ Yes | | | ☒ No | ☒ No |
| ☒ No | | | | |

| | DESCRIPTION OF INJURY | LOCATION TREATED (HOSPITAL / CLINIC) | FLUID EXPOSURE | SCIF 3301 / 3067 COMPLETED |
|---|---|---|---|---|
| REPORTING STAFF INJURED | ☒ N/A | ☒ N/A | ☒ N/A | ☐ Yes |
| ☐ Yes | | | | ☒ No |
| ☒ No | | | | |

### NARRATIVE:

On November 28, 2013 at approximately 1003 hours while performing my duties as Facility C building 4 Control Booth Officer, I observed inmates Simmons #P-23096 (FCB1-212u) and Murrillo #T-27042 (FCB4-208u) fighting on the C-Section Upper Tier in front of the shower. Both inmates were hitting each other in the face and upper body area with their fists. I immediately notified Central-Control over the institutional radio "Central Control C-4 Control I have a Code 1, two inmates fighting on the C-Section Top-Tier" I then activated my personal alarm device and ordered both inmates to stop fighting and get down. Simmons and Murrillo ignored my orders to stop fighting. From approximately 30 feet away in an elevated position I utilized my 40mm launcher (#D23952) loaded with one Direct Exact Impact Sponge Round, aiming at Zone-One of inmate Simmons lower left leg, I discharged one round. Due to inmates movement I could not see if the round made contact. I again ordered the inmates to stop fighting. Both inmates ignored my orders to stop fighting. I reloaded my 40mm launcher with one Direct Exact Impact Sponge Round and aiming from approximately 30 feet at Zone-One of Simmons lower left leg discharged one round. Due to inmates movement I did not see round make contact. I again orderd the inmates to stop fighting. Both inmates ignored my orders and continued fighting. I reloaded my 40mm launcher with one Direct Exact Impact Sponge Round and aiming from approximately 30 feet at Zone-One of Simmons lower left leg discharged one round. Again due to inmates movement I did not see round make contact. At this time both inmates complied with my orders, stopped fighting and got down on the floor in a prone position. Responding staff handcuffed both inmates and escorted Murrillo out of the building. Inmate Simmons was carried out of the building on a medical gurney due to an injury from fighting. This concludes my involvement in this incident.

☐ CHECK IF NARRATIVE IS CONTINUED ON PART C1

| SIGNATURE OF REPORTING STAFF | TITLE Correctional Officer | BADGE # | ID# | DATE 11/28/2013 |
|---|---|---|---|---|
| NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE) J. SEBOK, CORRECTIONAL SERGEANT | DATE RECEIVED 11/28/2013 | APPROVED ☒ YES ☐ NO | CLARIFICATION NEEDED ☐ YES ☒ NO | DATE 11/28/2013 |

Distribution:   Original: Incident Package     Copy: Reporting Employee     Copy: Reviewing Supervisor

(26)

XR Tibia/Fibula Left                    SIMMONS, KEVIN - PRM10164342

* Final Report *

| | |
|---|---|
| Result Type: | XR Tibia/Fibula Left |
| Result Date: | 29 November 2013 18:10 PST |
| Result Status: | Auth (Verified) |
| Result Title/Subject: | XR Tibia/Fibula Left |
| Performed By/Author: | Watanabe MD, Alyssa on 30 November 2013 10:32 PST |
| Verified By: | Watanabe MD, Alyssa on 30 November 2013 10:32 PST |
| Encounter Info: | PRM0003005384379, PRM Center, Inpatient, 11/28/13 - |

## * Final Report *

**Reason For Exam**
post surgery

**PRM Radiology**
Left tib-fib 2 views

INDICATION: Pain ORIF, fractures

COMPARE: 11/20/2013

FINDINGS:
There has been placement of an intramedullary rod across the tibial fracture which is now
anatomically aligned. There is a new distal fibular plate. The fibula is also anatomically
aligned. Skin staples are present. The knee and ankle joints are grossly normal
There appears to be an external splint
There is soft tissue swelling
No abnormal soft tissue densities identified.

IMPRESSION:

Interval ORIF of the distal fibular and tibial fractures which are now anatomically
aligned

Dictated By:  ALYSSA WATANABE, M.D.

| | |
|---|---|
| Printed by: | Gochioco RN, Matthew C |
| Printed on: | 12/01/13 07:34 PST |

Page 1 of 2
(Continued)

N. HA, P.A.
C   . . . . . Care . . . .
Co . . . . . . . . . . .

CSP-LAC HC Records - Received

CSP-LAC HC Records - Received

DEC - 6 2013

DEC 0 2 (...

Confidential Saved 2014-01-07T16:46:57Z

(27)

XR Tibia/Fibula Left                    SIMMONS, KEVIN - PRM10164342

* Final Report *


D:AW/T:  /9697916 / Job ID 10526257
DT:11/30/2013 10:32:07PST/TD:11/30/2013 10:30:08PST  DID  3590



This document was electronically signed by ALYSSA WATANABE, M.D. on
11/30/2013 10:32:08PST .


**Signature Line**
***** Final *****

Dictated by:                Watanabe MD, Alyssa                    Dictated
DT/TM:     11/30/2013 10:32 am
Transcribed By:             AWTranscribed by:          AW
Transcribed DT/TM:   11/30/13 10:30:00
Electronically Signed by:  Watanabe MD, Alyssa              Signed DT/TM:
      11/30/2013 10:32 am


**URLRAD**
This document has an image

**Completed Action List:**
* Order by Lameer MD, Mohamed Z on 29 November 2013 17:05 PST
* Perform by Schneider, Fred on 29 November 2013 18:10 PST
* VERIFY by Watanabe MD, Alyssa on 30 November 2013 10:32 PST


Printed by:    Gochioco RN, Matthew C                      Page 2 of 2
Printed on:    12/01/13 07:34 PST                          (End of Report)


N. HA, P.A.
C : ... 강 Care Service
C : ..... ....... ....

CSP-LAC HC Records - Received

CSP-LAC HC Records - Received

Dec - 5 2013

DEC 0 2 2013

Confidential Saved 2014-01-07T16:46:57Z

(28)

# Affidavit in Support

1   I Am The Plaintiff in The Above Entitled Civil
2   Action. I make This affidavit under Penalty of Perjury
3   with The Knowledge that The Plaintiff Does not have a
4   constitutional Right to Appointment of Counsel.

5   Plaintiff Prays to the Court to Take into Consider
6   Ation, That He has No! Knowledge in The Matter of Law
7   in The Plaintiff Heading Return Address "Acting in Pro Per"
8   Thats what is ment with The help of Several other Inmates
9   I'm Able to file The Complaint.

10   And fact is Prison officials Are under A Legal Duty
11   To Protect the Plaintiff from Assaults by other Inmates. under
12   The 8th Amendment Ban on "Cruel and unusual Punishment
13   But the Defendant Arnett watched The Plaintiff Get Assaulted
14   And instead of ordering The Inmate to Stop.!

15   The Defendant Arnett Displayed Deliberate Indifference
16   And A Egregious Failure to Act But Showed Reckless Disregard
17   And His intolerableness To Basic Fairness as he Continued
18   To Reload His 40 mm AND Firering AND Hitting The
19   Plaintiff @ three Times

20   And Arnett Remarkably Showed very Bad failure
21   To Protect in A Racially Profiling Manner. Not only being
22   Negligent while The Plaintiff was being Beat on while on
23   His Knees. The Defendant Moliciously AND Sadistially
24   "Aimed" His 40mm And not Just shoot But Aim at The
25   Plaintiff Left Leg AND.

26   Shooting The 40mm Not ONE Time But ③ Three
27   Times until he Broke Plaintiff's Fibula & Tibial Which Required
28   A Distal fibular Plate-Intramedullary Rods Across The,

(1)

1. Tibial. And a Distal fibular plate, which has to Remain
2. in the Leg inside the Bones in order for the plaintiff
3. To walk. This Malicous act of the Defendant ARNETT was
4. Done with intent And with the pur pose of causing the
5. plaintiff to suffer I RREPARABLE INJURY.
6.        With these malicously circumstances the plaintiff
7. presents to the, court, under penalty of perjury the plaintiff
8. prays the court Grants him formA pauperis status And
9. when the issue's become Complex an attorney be
10. Appointed to Represent the Plaintiff or Legal Assistance
11. be provided the plaintiff is indicent.
12.
13.
14.    4-22-16               Kevin Simmons
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.
27. ///
28. ///

(2)

Date/Time: 4/25/2016 6:39:13 AM
Institution: LAC

**CDCR**
Verified: _____

**Inmate Statement Report**

| Start Date: | 10/1/2015 | Revalidation Cycle: | All |
| End Date: | 4/25/2016 | Housing Unit: | All |
| Inmate/Group#: | P23096 | | |

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY TH D OFFICE.

4-25-16

CALIFORNIA DEPARTMENT OF CORRECTIONS

BY _____ TRUST OFFICE

Date/Time: 4/25/2016 6:39:13 AM

Institution: LAC

**CDCR**

**Inmate Statement Report**

Verified: _____

| CDCR# | Inmate/Group Name | Institution | Unit | Cell/Bed |
|-------|-------------------|-------------|------|----------|
| P23096 | SIMMONS, KEVIN | LAC | C  0021 | 124001 |

**Current Available Balance:**      $0.00

### Transaction List

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|------------------|-------------|------------------|-------------|-----------------|--------|-----------------|
| | | **No information was found for the given criteria.** | | | | |

### Encumbrance List

| Encumbrance Type | Transaction Date | Amount |
|------------------|------------------|--------|
| | **No information was found for the given criteria.** | |

### Obligation List

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|-----------------|-------------|-----------------------|-----------------------------------|-----------------|
| | | **No information was found for the given criteria.** | | |

### Restitution List

| Restitution | Court Case# | Status | Original Owed Balance | Interest Accrued | Sum of Tx for Date Range for Oblg | Current Balance |
|-------------|-------------|--------|-----------------------|------------------|-----------------------------------|-----------------|
| RESTITUTION FINE | BA128574 | Active | $10,000.00 | $0.00 | $0.00 | $9,434.49 |

THE WITHIN INSTRUMENT IS A CORRECT
COPY OF THE TRUST ACCOUNT MAINTAINED
BY THIS OFFICE.
ATTEST: 4-25-16
CALIFORNIA DEPARTMENT OF CORRECTIONS
BY _____
TRUST OFFICE

2