KEVIN SIMMONS
P-23096, C2-124, CSP
P.O. Box-4610
Lancaster CA. 93539
Acting in Pro Per

"ORIGINAL"

FILED
CLERK U.S. DISTRICT COURT
OCT - 7 2016
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

United States District Court Central
District of California
Central District

| KEVIN SIMMONS | CASE No. 2:16-CV-02858 R-KES |
| Plaintiff, | Plaintiff's First Amended |
| | Complaint Stating an Eighth |
| V. | Amendment Excessive Force |
| | Claim. And State Fact Why The |
| G. ARNETT, et al., | Defendant is Not Entitled To |
| Defendant | Qualified Immunity. |

Date: Nov. 1, 2016
Time: 10:00 am
Court Room: 6D
Judge: Honorable KAREN E. Scott

Come's now the Plaintiff KEVIN Simmons with his first Amended Complaint. Acting in Pro Per attempting to correct and address the pleading defects if any asserted in the Defendants Motion To Dismiss

## THE STATING OF EIGHTH AMENDMENT CLAIM OF EXCESSIVE FORCE

The Plaintiff KEVIN SIMMONS is a INMATE AT THE CALIFORNIA STATE PRISON located in LANCASTER CALIFORNIA ("LAC") where the Plaintiff injury/s occurred the Plaintiff acting in Pro Per, with no training in the matter of Law, initiated this claim under 42 U.S.C § 1983 on April 26, 2016.

IN the Complaint the Plaintiff asserts a claim against Defendant ARNETT for excessive force in violation of his Eighth Amendment Right to be free from cruel and unusual punishment, arising from being physically assaulted.

A correction of word "Mutual Combat" in Complaint Pg. 2-Line-24. There was no combat, the Plaintiff never even threw one punch. After being sucker punched by inmate Murrillo I was dazed, and at the exact same time, the Defendant ARNETT fired his first shot hitting the Plaintiff in his Left Leg.

The Round hit Low on my Leg knocking me to my knee's. while the inmate continue to Punch the Plaintiff in the face and head. This altercation took place when inmate Murrillo assaulted the Plaintiff on NOV. 28, 2013. While inmate Murrillo was repeatedly punching the Plaintiff in the face and head, the Plaintiff clearly being the victim. The Defendant ARNETT fired his weapon hitting the Plaintiff in the Left Leg knocking him to

1. his knees. To clearly aim and fire at the victim and
2. with force that knocked the Plaintiff to his knee's
3. isn't non-lethal force. And it isn't meant to stop the
4. altercation. The Plaintiff can feel that his left leg is
5. broke. At this Inmate Murrillo continues to punch the
6. Plaintiff hard.
7. The Defendant ARNETT fire's a second round hitting the
8. Plaintiff a second time while the Plaintiff is on his knees
9. And repeatedly punched in the face and head by Inmate Murrillo
10. With his Mexican buddies chanting on the ground floor. Throw
11. His __ss off the tier!
12. This Inmate being twice the Plaintiff size, and the Plaintiff
13. feeling weak, the Plaintiff wrap his arms around I'm Murrillo
14. legs and press my face into Murrillo's legs tight as I
15. could, cause the Plaintiff not being sure of how many
16. more punches I could withstand.
17. And now the event is starting to clearly show and establish
18. a violation of the cruel and unusual punishment clause
19. of the Federal Constitution's Eighth Amendment based on
20. excessive use of force by this prison officer.
21. I'm Murrillo continue's punching the Plaintiff the punches now
22. landing on the back of my head and neck. Defendant
23. ARNETT fire's a third round, this time hitting me on the
24. right side of my buttock. From I'm Murrillo moving around
25. trying to get my grip loose from around his legs.
26. Defendant ARNETT as well as all prison officers working
27. under the color of law, have a sworn duty to provide
28. all Inmates to a safe and none "Dangerous-Hazardous"

1. Living Condition. This Sworn Duty is also to Protect the
2. Plaintiff from being Assaulted by other Inmates. In which
3. this Prison officer while Acting under color of Law, watched
4. I/m Murrillo Travel from one side of the Building while His
5. Nose and face was Bleeding.
6. And without Warning Walk up to the Plaintiff as if he was
7. Passing by and without warning Sucker Punch the Plaintiff
8. Assaulting Him with a Punch Hard Enough To Daze The
9. Plaintiff. And Instead of Taking Actions to Protect the Plaintiff
10. From The Repeatedly Punches of Assault the Contemporary
11. Standards of Decency,
12. was Violated when The Defendant Arnett Reloaded His 40mm
13. Launcher and Maliciously and Sadistically used Excessive
14. force by Aiming and firing At the Plaintiff a Second Time
15. when the Plaintiff was clearly the victim.
16. the Plaintiff unable to Stand or Defend Himself I/m Murrillo
17. Continue to Punch the Plaintiff in His face and Head (See Complaint at
18. 2.5) the Plaintiff on his Knees Attempting to Cover His face
19. And Head from the Punches of I/m Murrillo, with Defendant
20. Arnett Repeatedly Reloading His weapon and shooting at
21. the Plaintiff who is the Victim the,
22. Standards of being Treated with Decency by the Defendant
23. Arnett have fell well below Human. Inmate Murrillo is the
24. Aggreser And Not one Time has he been Shot, or shot at
25. Every shot fired the Plaintiff felt it. after Defendant
26. Arnett had fired and shot the Plaintiff (3) Three Times
27. And officers were in The Building Now Responding to
28. the alarm Defendant Arnett Yeild out the Window Get,

1. DOWN.' The above stated fact of cognizable legal theory
2. And I must repeat "ACTUAL FACT" of Defendant ARNETT's unnecessary
3. And wanton infliction of pain on the Plaintiff by loading
4. Aiming and firering his weapon a 40mm Riot Gun and
5. Hitting the Plaintiff not once?
6. Not Twice But (3) Three Times. And the Plaintiff being the
7. Victim on his knee's while a inmate was punching and
8. Beating the Plaintiff in the face and head that was
9. Twice the Plaintiffs size is surely a 8th Amendment claim
10. Sufficient under the Cognizable Legal Theory of
11.    Balistreri V. Pacifica Police Dept. 901 F. 2d 696, 699 (9th cir 1990)
12.
13. A stated claim upon which relief may be granted there fore
14. Entitled to compensation for damages the Plaintiff suffered
15. from being beating in the face and head, while on his knee's. The
16. Defendant ARNETT took aim with his 40mm launcher and Maliciously
17. And sadistically fired at the Plaintiff with the intent to cause
18. (IRREPARABLE INJURY). See Complaint at ·· 2
19. But the Defendant claims because of inmate movement. He could
20. "not see if the round made contact?
21. But the first round that the Defendant fired at the Plaintiff left lower
22. Leg The Plaintiff was knocked down on his knee's and suffered his
23. Leg being shatered in serveral places, in which the "Tibia and fibula"
24. Required Emergency Surgery along with the placement of Metal Rods
25. And Pins.
26. And the Plaintiff's Left Leg and foot still requires surgerys
27. \See Plaintiff's medical file
28. The Standard of Review applied in a federal Rule of Civil

(5)

Procedure Rule 12(b)(6) Motion to Dismiss is that Judgment against a Complaint is appropriate when Assuming all Material facts in the Pleading are not True, in the Plaintiff's Case the Material facts are very appropriate and very True,

And the Non-Moving Party has Also Respectfully and Sincerely as best he can while Acting in Pro Per stated a claim upon which Relief May be Granted. The Non Moving is there fore Entitled to Judgment as a matter of Law.

The Plaintiff has Suffered from use of Excessive Force a clear Violation of The Plaintiff's 8th Amendment.

Hal Roach Studios, Inc. V. Richard Feiner & Co. Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

It is True that Defendant Arnett used the only Means of Force Beside's fireing a Real Live Round at The Plaintiff, But The Defendant Used His only Means of Force on The Wrong Inmate. The Plaintiff was The Victim Suffering from being Shot to His Knee's, and being Punched in The Face, and The head by Inmate Murrillo,

Unable To Defend Him self, Defendant Arnett Maliciously and Sadistically fired Three Rounds at The Plaintiff, with The Excuse of He Arnett Couldn't Tell if the Rounds Made Contact with The Target because of The inmate Movement, But Surely That isn't A Reason to Continue To Reload And fire At Especially The Victim,

The Plaintiff was Hit With All Three Rounds That were fired At Him and Have the Record of Broken Bone's And Bruises to Prove it, This Treatment by The Defendant Resulted in The Denial of the Minimal Civilized Measure of Lifes Necessities The Plaintiff being Sucker Punched, Hard Enough to Daze Him,

1. unable to defend himself or even run. At that same time
2. the Defendant fire's a Round from the 40mm Weapon knocking
3. the Plaintiff to his knee's, as well as Breaking the Plaintiff's leg
4. in several places. All the while Inmate Murrillo Continue's
5. Punching the Plaintiff in his face and head.
6. The Punches are Repeatedly,
7. The Plaintiff is The victim in this matter, yet to throw not one
8. Punch. But being objectively - seriously deprived of the
9. Minimal Civilized measures of life's necessities. The
10. Plaintiff will suffer life long irreparable injuries, and
11. will never walk correctly again!
12. which has so far required several emergency surgery's
13. the placement of metal rods and plates to and within the
14. plaintiff's Fibula and Tibia with no positive results, in which
15. this should satisfy part one of a two part test,
16.
17. The Defendant ARNETT is making an attempt to
18. claim that He didn't use excessive force on the
19. Plaintiff. And the Plaintiff fails to state a claim for
20. Excessive force under the 8th Amendment, it is very
21. Simple and clear, Defendant's ARNETT's Job Post is The
22. Gun Tower which means he has to qualify with all
23. The weapon's.
24. So when Defendant ARNETT states he fired at the
25. Plaintiff But Because of the inmate movement He Didn't
26. know if the round made contact. thats not an excepted
27. Excuse to continue to Re-load and fire at The Plaintiff
28. who is being assaulted and the victim. The 7219

Medical Report of Injury, will show just how many times the Plaintiff was shot and where. The Form 1542 Skin Assessment Record from Palmdale Regional Med. Center will show that besides the broke bones, the other two gun shot wounds where serious enough to require dressings of surgical gauze.

May I remind the Court or bring the fact to whom is concern that this a Level four Prison and there is no such weapon in that gun tower as a non-lethal weapon. Because defendant Arnett claims that he did not see the rounds make contact dosent mean that.

It was fact that the rounds didnt make contact. And that it was the "Minimal Civilized Measure of Lifes Necessities" and ok to fire your weapon at the Plaintiff he's getting beat down anyway it wouldnt matter much if a little excessive force was used on him he's only the victim.

The plausible inference in the Plaintiff's Complaint is the allegations showing clear evidence the unjustified infliction of pain in which Defendant Arnett inflicted on the Plaintiff. And was done because Arnett was not sure if the first round made contact combined with Knowingly- Maliciously and Sadistically. Life Long Injuries which was inflicted with intent and ment to be Excessive- Physical force in which the Defendant Arnett has boasted and brag of in the Fac. "C" Dining Hall.

Defendant ARNETTs Maliciously And Sadistically with Intent Directed EXCESSIVE FORCE at the Plaintiff with the Intent to Cause Serious Injuries

Defendant ARNETT clearly as the Plaintiff was being Assaulted by Inmate Murrillo, who in fact had Blood in his Face when he Assaulted the Plaintiff said to be told in the Bld. Murrillo had just been Rat Packed AKA: Jumped into the Prison Gang And His next Task was to Beat Down a Brother and He Would be in. Defendant ARNETT was well aware of what was Going on, as well as what Goes on in the Building He was the Control Tower Cop.

Defendant ARNETT was well aware of the Gang Activity in Four Bld, He Allowed it. Defendant ARNETT on Nov. 28, 2013 watched inmate Murrillo Get Jump into the gang And allowed Him to Travel Across the Day Room and up the Stair's, where the Plaintiff was Assaulted.

It is well understood that when a Prison Guard is Confronted with a Situation Such as a Disturbance, that Prison Guard is Permitted to use "Reasonable Force" to Restore order and Prevent a threat to the Inmate.

STEVENSON V. HARMON, No. 07-CW-277W (PLC), 2009-
WL 667198 at *4 (S.D. CAL MAR. 13, 2009)
Aff'd 406 F. App'x 97 (9th Cir. 2010).

In the Plaintiff's Situation, This Present Case Defendant ARNETT was Confronted with the Situation of a Disturbance when ARNETT watched Inmate Murrillo Get Jumped into a Gang Shortly After ARNETT Allowed Inmate Murrillo to Travel up to the Top Tier on the Other Side of the Building, where I/M Murrillo Approched the Plaintiff Normally As if

(9)

1  He was just passing, only with a bloody nose, and with
2  the eliment of surprise and continue punching the
3  plaintiff never allowing the plaintiff to regain a clear
4  head to attempt to defend himself.
5  The plaintiff mistaken with his words in the original
6  complaint by calling an assault mutual combat, when
7  the plaintiff came by his injuries by way of being assaulted
8  by inmate Murrillo, and the excessive use of force by
9  Defendant Arnett.
10 The altercation was very serious, but surely not mutual
11 combat for reason of the fact, the plaintiff never even threw
12 a punch, which makes the situation an assault with the plaintiff
13 being the victim. (See complaint at 2, 5, 11)
14 Defendant Arnett therefore claims he reasonably perceived a threat
15 to the institutional order, and inmate safety, and necessitated use
16 of force. Only things plausible inference is Defendant Arnett
17 necessitated the use of force on "the wrong inmate",
18 the Defendant should have aimed at the inmate who
19 was the aggresser.
20 After the first shot was fired knocking the plaintiff down
21 to his knees, inmate Murrillo continue to beat the plaintiff
22 in the face and about the head at which time Defendant
23 Arnett has well cross over the line of violating the plaintiff's
24 8th Amended right to be free from cruel and unusual
25 punishment, maliciously and sadistically used "excessive force"
26 when the Defendant after the first round was fired at the
27 Plaintiff the Defendant claim he couldn't tell if the first shot
28 made contact because of inmate-movement. He continued

to reload aim and fire at no one except the plaintiff and what the defendant discribes as a non lethal weapon is a deadly weapon, and the continued use of it firing at the victim and hitting him is a true showing of a 8th Amendment violation of cruel and unusual punishment, use of excessive force.

## Defendant ARNETT is Surely not Qualified for Qualified Immunity for His Actions.

Qualified Immunity standard states officials shielded from liability of civil damages as far as their conduct which does not clearly violate established Constitutional Rights of which a reasonable person would have known Harlow v. Fitzgerald 457 U.S. 800, 818 (1992) the Supreme Court has continued to stress the importance of resolving immunity questions at the earliest possible stage in litigation. Hunter v. Bryant 502 U.S. 224, 227 (1991).
Every prison official is a person who under color of state law subjects or causes to be subjected.
Any citizen of the United States to the deprivation of any rights privileges or immunities secured by the Constitution... shall be liable to the party injured in an action of law suit in equal or other proper proceeding for redress.
The Defendant ARNETT pleaded facts demonstrating the causation of the plaintiff injurys with unlawful intent on himself when he stated that he aimed fired at the plaintiff, the plaintiff fell

to His Knee's But the Defendant Arnett wasen't Sure if the Round Made Contact, So He Reloaded and Continued to fire at the Plaintiff who Also happen to be the Victim and Black.

These Acts were not in Accord with any Laws or Regulations, in fact the Defendant Actions were with Malicious intent and Discrimination and Arnett had Knowledge of His Actions there fore He is not entitled to Any Type of Qualified Immunity or Any other Immunity. there is A clear showing of the Plaintiff Constitutional Rights have been violated in the established facts of Defendant Arnetts Gross Negligence And Reckless Disregard. which Cause the Plaintiff to be Seriously Injured from the Assault of Inmate Murrillo Beating the Plaintiff in the face and head.

Not only Cause the Plaintiff/Victim Serious Injury, it Cause the Plaintiffs' 8th Amendment Rights to be Violated of Cruel and unusual Punishment and use, of Excessive use of force.

under SAUCIER which is clear to A Reasonable Prison official and Reasonable official would have Known, and understood that shooting the victim who was being Beating about the head and face Making Him the victim

the Continued shooting At the Victim Repeatedly was violating the Plaintiff Rights Mullinex V. Luna 577 U.S. ___, 136 S. 305, 308 (2015).

Qualified Immunity Also Permits Reasonable Mistakes As to what the Law Requires SAUCIER 533 U.S. At 206, in the Plaintiffs' civil Action His case And facts Are So far from Reasonable Mistakes (As Day And Midnight) More over the Plaintiff has clearly established that Defendant Arnett clearly maliciously with Intent Sadistically

1. Violated the Plaintiff 8TH Amendment Right of Cruel and
2. unusual Punishment- use of Excessive Force.
3. And The Defendant ARNETT is Not Entitled to Qualified
4. Immunity under The first Prong of the SAUCIER CASE
5. OR The Reasonable Mistake Excuse.

8. I Declare under Penalty of Perjury under the Laws
9. of the State of California The Foregoing is True and
10. Correct And that this Declaration was Executed on,
11. SEPTEMBER, 29, 2016 at Los Angeles California.

15. Dated: 9-29-16          Signature: Kevin Simmons



10/3/16