1   KEVIN SIMMONS (P-23096)

2   L.A.C.S.P  C2-124

3   P.O. Box 4610

4   LANCASTER, CA. 93539
    ACTING IN PROPER.

5

6

7              UNITED STATES DISTRICT COURT

8         CENTRAL DISTRICT OF CALIFORNIA

9

10  KEVIN SIMMONS,          | CASE NO. 2:16-CV-02858 R-KES
              PLAINTIFF,    |
11                          | PLAINTIFF'S SECOND AMENDED
12  V                       | COMPLAINT STATING EIGHTH
13                          | AMENDMENT EXCESSIVE FORCE, DELIBERATE
14  G. ARNETT, et al.       | INDIFFERENCE, CRUEL UNUSUAL PUNISHMENT, AND
         DEFENDANTS,        | DENIAL OF PROCEDURAL DUE PROCESS CLAIMS.
15                          |
16  SGT. ROMO, NURSE M. LOPEZ | DATE FILED: APRIL 26, 2016
         DEFENDANTS,        |
17                          | Judge: KAREN E. SCOTT.

18

19    COMES NOW THE PLAINTIFF KEVIN SIMMONS, WITH HIS

20  SECOND AMENDED COMPLAINT. ACTING IN PROPER.

21

22

23

24

25  DATE: APRIL 15, 2018

26

27                              Kevin Simmons

28

1  KEVIN SIMMONS (P-23096)

2  L.A.C.S.p  C2-124

3  P.O. Box 4610

4  LANCASTER, CA. 93539
   ACTING IN PROPER.

5

6                    UNITED STATES DISTRICT COURT

7                  CENTRAL DISTRICT OF CALIFORNIA

8

9  KEVIN SIMMONS,          CASE NO. 2:16-CV-02858 R-KES
           PLAINTIFF
10                          PLAINTIFF'S SECOND AMENDMENT

11                          COMPLAINT FOR EXCESSIVE FORCE,

12  V.                      DELIBERATE INDIFFERENCE, CRUEL AND UNUSUAL

13                          PUNISH, DENIAL OF PROCEDURAL DUE PROCESS

14  G. ARNETT et al         CLAIMS.

15  Sgt. ROMO, AND

16  NURSE M. LOPEZ,         DATE FILED: 4-26-2016
           DEFENDANTS
17                          Judge: HONORABLE KAREN E. SCOTT.

18

19  COMES NOW PLAINTIFF KEVIN SIMMONS, WITH HIS

20  SECOND AMENDED COMPLAINT TO CONSOLIDATE

21  DEFENDANT'S ARNETT, Sgt. ROMO AND NURSE M. LOPEZ.

22

23

24

25

26

27

28

                            (1)

1  DEFENDANT G. ARNETT, WORKS AT LANCASTER PRISON CALIFORNIA

2  44750 60TH STREET WEST, LANCASTER, CA. 93539

3  AS THE C-4 Bld. GUN TOWER OFFICER.

4  THE DEFENDANT IS BEING SUED IN HIS INDIVIDUAL CAPACITY

5  WHILE ACTING UNDER COLOR OF LAW ASSIGNED TO C-4 Bld. GUN

6  TOWER ON 2ND. WATCH NOV. 28, 2013.

7  2.) DEFENDANT SGT. ROMO, WORKS AT LANCASTER PRISON CALIFORNIA

8  44750 60TH STREET WEST, LANCASTER, CA. 93539

9  AS THE C-FACILITY YARD SGT.

10 THE DEFENDANT IS BEING SUED IN HIS INDIVIDUAL CAPACITY

11 WHILE ACTING UNDER COLOR OF LAW ASSIGNED TO C-FACILITY YARD

12 SGT. ON 2ND. WATCH NOV. 28, 2013.

13 3.) DEFENDANT NURSE M. LOPEZ, WORKS AT LANCASTER PRISON CALIFORNIA

14 44750 60TH STREET WEST, LANCASTER, CALIF. 93539

15 AS THE C-FACILITY MEDICAL NURSE.

16 THE DEFENDANT IS BEING SUED IN HIS INDIVIDUAL CAPACITY

17 WHILE ACTING UNDER COLOR OF LAW ASSIGNED TO C-FACILITY MEDICAL

18 NURSE ON 2ND. WATCH NOV. 28, 2013.

19 1. DEFENDANT G. ARNETT, IS BEING SUED FOR $1,000,000 PUNITIVE

20 DAMAGES AND $500,000 COMPENSATORY DAMAGES = $1,500,000.

21 2. DEFENDANT SGT. ROMO, IS BEING SUED FOR $750,000 PUNITIVE

22 DAMAGES AND $250,000 COMPENSATORY DAMAGES = $1,000,000.

23 3. DEFENDANT NURSE M. LOPEZ, IS BEING SUED FOR $750,000

24 PUNITIVE DAMAGES AND $250,000 FOR COMPENSATORY DAMAGES

25 = $1,000,000

26 LAW SUIT TOTALED AT $3,500,000

27

28

(2)

THE STATING OF EIGHTH AMENDMENT

CLAIM OF EXCESSIVE FORCE

ON NOV. 28, 2013

PLAINTIFF ASSERTS A CLAIM AGAINST DEFENDANT G. ARNETT, FOR EXCESSIVE FORCE IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, ARISING FROM BEING PHYSICALLY ASSAULTED.

PLAINTIFF WAS APPROACHED BY A MEXICAN INMATE BY THE NAME OF MURRILLO, INMATE MURRILLO, SUCKER PUNCHED THE PLAINTIFF IN THE SIDE OF HIS HEAD AND AT THE SAME TIME DEFENDANT G. ARNETT, FIRED HIS FIRST SHOT HITTING THE PLAINTIFF IN HIS LEFT LEG, THE PLAINTIFF WAS ALREADY DAZED FROM THE PUNCH AND THE ROUND FROM THE SHOT KNOCKED THE PLAINTIFF TO HIS KNEE'S. WHILE INMATE MURRILLO, CONTINUED TO PUNCH THE PLAINTIFF IN THE SIDE OF THE FACE AND HEAD, IT IS CLEAR THAT THE PLAINTIFF IS BEING VICTIMIZED BY INMATE MURRILLO, BECAUSE WHEN DEFENDANT G. ARNETT, FIRED HIS FIRST ROUND IT HIT PLAINTIFF IN THE LOWER LEFT LEG BREAKING IT IN HALF AND PUTTING PLAINTIFF DOWN ON HIS HANDS AND KNEE'S. AS INMATE MURRILLO, CONTINUES TO PUNCH THE PLAINTIFF HARD DEFENDANT ARNETT, FIRES A SECOND ROUND HITTING THE PLAINTIFF A SECOND TIME WHILE HE WAS DOWN ON HIS KNEE'S AND BEING REPEATEDLY PUNCHED IN THE FACE AND HEAD BY INMATE MURRILLO WITH INMATE MURRILLO, MEXICAN BUDDIES CHANTING ON THE GROUND FLOOR, THROW HIS _SS OFF THE TIER!

THIS INMATE BEING TWICE THE PLAINTIFF SIZE AND THE PLAINTIFF FEELING WEAK, THE PLAINTIFF WRAP HIS ARMS

( 3 )

1  AROUND INMATE MURRILLO, LEGS AND PRESSED MY FACE INTO

2  MURRILLO'S, LEGS TIGHT AS I COULD, CAUSE THE PLAINTIFF NOT BEING

3  SURE HOW MANY MORE PUNCHES I COULD STAND.

4  NOW THE EVENT IS STARTING TO CLEARLY SHOW AND ESTABLISH

5  A VIOLATION OF THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE

6  OF THE FEDERAL CONSTITUTION'S EIGHTH AMENDMENT BASED ON

7  EXCESSIVE USE OF FORCE BY THIS PRISON OFFICER.

8  INMATE MURRILLO, CONTINUES PUNCHING THE PLAINTIFF, THE

9  PUNCHES ARE NOW LANDING ON THE BACK OF MY HEAD AND

10 NECK. DEFENDANT ARNETT, FIRE'S A THIRD ROUND THIS TIME

11 HITTING ME ON THE RIGHT SIDE OF MY BUTTOCKS.

12 DEFENDANT ARNETT, AS WELL AS PRISON OFFICERS WORKING UNDER

13 THE COLOR OF THE LAW HAVE A SWORN DUTY TO PROVIDE ALL

14 INMATES A SAFE AND NONE "DANGEROUS-HAZARDOUS" LIVING

15 CONDITION. THIS SWORN DUTY IS ALSO TO PROTECT THE PLAINTIFF

16 FROM BEING ASSAULTED BY OTHER INMATES. IN WHICH THIS

17 PRISON OFFICER WHILE ACTING UNDER THE COLOR OF LAW WATCH

18 ED INMATE MURRILLO TRAVEL FROM ONE SIDE OF THE BUILDING

19 WHILE HIS NOSE AND FACE WAS BLEEDING AND WITHOUT

20 WARNING WALK UP TO THE PLAINTIFF AS IF HE WAS PASSING

21 BY AND WITHOUT WARNING SUCKER PUNCH THE PLAINTIFF ASSAULTING

22 HIM WITH A PUNCH HARD ENOUGH TO DAZE THE PLAINTIFF AND

23 INSTEAD OF TAKING ACTIONS TO PROTECT THE PLAINTIFF FROM

24 THE REPEATEDLY PUNCHES OF ASSAULT THE CONTEMPORARY STANDARDS

25 OF DECENCY WAS VIOLATED WHEN THE DEFENDANT ARNETT,

26 RELOADED HIS 40MM LAUNCHER AND MALICIOUSLY AND SADISTIC-

27 ALLY USE EXCESSIVE FORCE BY AIMING AND FIRING AT THE

28 PLAINTIFF SECOND TIME WHEN THE PLAINTIFF WAS CLEARLY

(4)

1. THE VICTIM.

2. THE PLAINTIFF UNABLE TO STAND OR DEFEND HIMSELF, INMATE

3. MURRILLO, CONTINUE TO PUNCH THE PLAINTIFF IN THE HEAD

4. AND FACE AREA. THE PLAINTIFF ON HIS KNEES ATTEMPTING TO

5. COVER HIS FACE AND HEAD FROM THE PUNCHES OF MURRILLO,

6. WITH THE DEFENDANT ARNETT REPEATEDLY RELOADING HIS

7. WEAPON AND SHOOTING AT THE PLAINTIFF WHO IS THE VICTIM.

8. STANDARDS OF BEING TREATED WITH DECENCY BY THE DEFENDANT

9. ARNETT, FELL WELL BELOW HUMAN, INMATE MURRILLO IS THE

10. AGGRESSER AND NOT ONE TIME HAS HE BEEN SHOT OR SHOT AT.

11. EVERY SHOT FIRED THE PLAINTIFF FELT IT. AFTER DEFENDANT

12. ARNETT HAD FIRED AND SHOT THE PLAINTIFF (3) THREE TIMES AND

13. OFFICERS WERE IN THE BUILDING NOW RESPONDING TO THE ALARM

14. DEFENDANT ARNETT, YELLED OUT THE WINDOW GET DOWN!

15. THE ABOVE STATED FACT OF COGNIZABLE LEGAL THEORY AND

16. I MUST REPEAT "ACTUAL FACT" OF DEFENDANT ARNETT

17. UNNECESSARY AND WANTON INFLICTION OF PAIN ON THE PLAINTIFF

18. BY LOADING AIMING AND FIRING HIS WEAPON A 40 MM RIOT GUN

19. AND HITTING THE PLAINTIFF NOT ONCE! NOT TWICE! BUT (3)

20. THREE TIMES AND THE PLAINTIFF BEING THE VICTIM OF THE

21. BEATING BY MURRILLO IS SURELY A 8TH AMENDMENT

22. CLAIM SUFFICIENT UNDER THE COGNIZABLE LEGAL THEORY

23. OF BALISLRERI V. PACIFICA POLICE DEPT. 90 L.F. 2d 696, 699 (9th CIR. 1990)

24.

25. <u>SECOND CAUSE OF ACTION</u>

26. DEFENDANT SGT. ROMO, VIOLATED PLAINTIFF'S EIGHTH AMENDMENT

27. RIGHTS TO BE FREE OF UNJUSTIFIED "EXCESSIVE FORCE" "CRUEL

28. AND UNUSUAL PUNISHMENT". ON 11-28-2013

1   I PLAINTIFF KEVIN SIMMONS, WAS THE VICTIM OF A ASSAULT

2   BY ANOTHER INMATE AND CORRECTIONAL OFFICER G. ARNETT.

3   DEFENDANT ARNETT, SHOT PLAINTIFF (3) THREE TIMES.

4   THE FIRST SHOT BROKE PLAINTIFF'S LEG IN HALF (Tibia AND Fibula)

5   MAKING IT IMPOSSIBLE FOR PLAINTIFF TO STAND OR WALK.

6   SGT. ROMO, WAS THE FIRST SGT. TO ARRIVE ON THE SCENE. AS

7   SGT. ROMO, ENTERED C4 Bld. HE SCREAMED AT DEFENDANT

8   ARNETT, WHAT THE F___! IS ALL OF THESE INMATES DOING

9   OUT OF THEIR CELL? LOCK THESE M____F_____! UP RIGHT

10  NOW. "HE FAILED TO TAKE THE NAMES OF THE INMATES ON THE

11  TIER". SGT. ROMO, ORDERED THE C/O'S TO DRAG THE PLAINTIFF

12  DOWN THE TIER AND THEY COMPLIED. "HE DIDN'T CARE ABOUT

13  THE PLAINTIFF'S LEG HANGING IN HALF." SGT. ROMO, ORDERED

14  THE C/O'S TO DRAG PLAINTIFF DOWN THE STAIRS BUT

15  SGT. SEBOK, INTERVENED AND DEMANDED THAT I BE

16  PLACED ON A GURNEY. SGT. SEBOK, ASKED THE PLAINTIFF HOW

17  DID HIS PANTS GET WET AND PLAINTIFF RESPONDED THAT

18  "I SAT IN THE WATER BY THE SHOWER"

19  SGT. ROMO, INSTRUCTED DEFENDANT NURSE LOPEZ, TO CHANGE

20  (NO COMMENT) TO ("I HURT MY LEG WHEN I SLIPPED IN

21  WATER.") I MADE SGT. ROMO, AWARE OF THE FACT THAT

22  I WAS ALSO SHOT ON MY BACK SIDE. MY JACKET AND

23  SHIRT WAS REMOVED AND SGT. ROMO, INSTRUCTED

24  DEFENDANT NURSE LOPEZ, THAT SHE WAS WASTING HER TIME

25  AND THAT I WASN'T SHOT. SGT. ROMO, ORDERED NURSE

26  LOPEZ, TO FILE A FALSE 7219 MEDICAL REPORT. SGT. ROMO,

27  COERCED DEFENDANT NURSE LOPEZ, INTO COVERING UP THE

28  FACTS THAT DEFENDANT ARNETT, SHOT THE PLAINTIFF (3)

1   TIMES DELIBERATELY WITH THE INTENT TO CAUSE HARM.

2   SGT. ROMO, ALSO HAS AND HAD HIS ACTIONS ON VIDEO TAPE,

3   AND NOW THAT TAPE CAN'T BE LOCATED. SGT. ROMO,

4   PARTICIPATED IN THIS INCIDENT FROM START TO FINISH

5   AND NOW THERE IS NO RECORD OF HIS ACTIONS OR

6   PARTICIPATION AT ALL. SGT. ROMO, GAVE ORDERS TO INMATES

7   AS WELL AS CORRECTIONAL OFFICERS, BUT THE PLAINTIFF IS

8   BEING DENIED THE FACTS THAT SGT. ROMO, WAS PRESENT

9   FOR ANY PART OF THE INCIDENT.

10  "DENIAL OF PROCEDUAL DUE PROCESS", SGT. ROMO, FAILED TO

11  REPORT THE EXCESSIVE FORCE OF DEFENDANT ARNETT, AND

12  WENT AS FAR AS COVERING UP THE (3) GUN SHOT WOUNDS

13  FOR DEFENDANT ARNETT. SGT. ROMO, HAS A DUTY TO

14  REPORT HIS OBSERVATION AND PARTICIPATION IN PLAINTIFFS

15  EXCESSIVE FORCE CLAIM.

16

17              THIRD CAUSE OF ACTION

18  "INADEQUATE MEDICAL CARE".

19  "DELIBERATE INDIFFERENCE".

20

21  DEFENDANT NURSE M. LOPEZ, VIOLATED PLAINTIFF'S EIGHTH AND

22  FOURTEENTH AMENDMENT RIGHTS TO BE FREE OF CRUEL AND

23  UNUSUAL PUNISHMENT.

24              ON 11-28-2013, AT APPROXIMATELY 10:05

25  A.M. I THE PLAINTIFF KEVIN SIMMONS, WAS THE VICTIM

26  OF A ASSAULT BY ANOTHER INMATE AND CORRECTIONAL

27  OFFICER G. ARNETT. OFFICER G. ARNETT, SHOT PLAINTIFF (3) TIMES.

28  THE FIRST SHOT BROKE PLAINTIFF'S (TIBIA AND FIBULA) COMPLETELY

                    (7)

1  IN HALF CAUSING PLAINTIFF'S LEFT LEG TO FLOP/FOLD INTO TWO

2  PIECES. DEFENDANT NURSE M. LOPEZ, LVN WAS THE TREATING

3  NURSE. NURSE LOPEZ, ASKED THE PLAINTIFF WHAT HAPPEND TO

4  CAUSE THE INJURY AND PLAINTIFF RESPONDED (NO COMMENT)

5  PLAINTIFF NEVER REFUSED ANY TREATMENT. SGT. ROMO, INSTRUCTED

6  NURSE LOPEZ, TO CHANGE THE PLAINTIFF'S STATEMENT FROM

7  (NO COMMENT) TO ("I HURT MY LEG WHEN I SLIPPED IN

8  WATER"). PLAINTIFF INFORMED SGT. ROMO, AND NURSE LOPEZ,

9  THAT HE WAS SHOT ON HIS BACK SIDE. NURSE LOPEZ, HAD THE

10 PLAINTIFF'S JACKET AND SHIRT REMOVED. SGT. ROMO, TOLD NURSE

11 LOPEZ, THAT SHE WAS WASTING HER TIME AND THAT THE

12 PLAINTIFF WASN'T SHOT.

13 NURSE LOPEZ, THEN COMPLETED THE 7219 MEDICAL FORM WITH

14 FALSE STATEMENTS BY DOING THE FOLLOWING; 1. ON INJURIES FOUND

15 SHE CIRCLED NUMBER 11 PAIN IN LOWER LEFT LEG, INSTEAD

16 OF NUMBER 3 BROKEN BONES. 2. SHE FAILED TO TREAT

17 PLAINTIFF FOR GUN SHOT WOUNDS TO HIS RIGHT THIGH AND

18 BUTTOCK, WHICH WAS BLEEDING. 3. SHE FALSIFIED THE 7219

19 MEDICAL FORM BY SAYING THAT THE PLAINTIFF HAD NO

20 INJURIES ON HIS BACK SIDE.

21 ON 11-28-2013, PLAINTIFF WENT TO PALMDALE REGIONAL HOSPITAL

22 TO HAVE SURGERY ON THE BROKEN BONES IN HIS LEFT LEG THAT

23 NURSE LOPEZ, TRIED TO DOWN PLAY.

24 ON 12-1-2013, WHILE BEING TREATED BY THE PALMDALE SKIN

25 ASSESSMENT (3) DAY AFTER BEING SHOT BY DEFENDANT

26 G. ARNETT, THE MEDICAL STAFF HAD TO PRY THE PLAINTIFF'S

27 UNDERWARE AND ATHLETIC SHORTS OFF OF HIS BLOODY THIGH

28 AND BUTTOCK. THE REFUSAL BY NURSE LOPEZ, TO TREAT PLAINTIFFS

1  wounds caused him "UNNECESSARY AND WANTON INFLICTION

2  OF PAIN."

3      PLAINTIFF UNDERSTAND THAT NURSE LOPEZ, ONLY DID AS

4  Sgt. ROMO, INSTRUCTED HER TO DO, BUT AS A MEDICAL STAFF

5  SHE HAS A OATH TO UPHOLD AND Sgt. ROMO, IS NOT HER

6  SUPERVISOR.

7  FOR APPROXIMATELY (3) HOURS THE PLAINTIFF WAS PUT THROUGH

8  EXTREM PAIN AND SUFFERING AS THE (3) DAY OLD BLOODY

9  UNDERWARE WAS PRIED FROM HIS GUN SHOT WOUNDS THAT

10  NURSE LOPEZ, REFUSED TO TREAT.

11  THE 7219 MEDICAL REPORT PREPARED BY NURSE LOPEZ, WAS

12  FALSIFIED TO COVER UP DEFENDANT'S ARNETT, SHOOTING PLAINTIFF

13  PALMDALE REGIONAL HOSPITAL CONTRADICTS EVERY WORD THAT

14  NURSE LOPEZ, STATED IN HER REPORT.

15  DR. HA, ALSO ORDERED FOR THE PLAINTIFF'S DRESSINGS TO BE CLEANED

16  AND CHANGED ON A REGULAR BASIS ONCE HE RETURNED BACK

17  TO THE PRISON FROM THE HOSPITAL.

18  "PLEADING STANDARD"

19      SECTION 1983 "PROVIDES A CAUSE OF ACTION FOR THE DEPRIVATION

20  OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION

21  AND LAWS OF THE UNITED STATES." WILDER V. VIRGINIA HOSPITAL ASSN, 496

22  U.S. 498, 508 (1990) (QUOTING 42 U.S.C § 1983). SECTION 1983 IS NOT ITSELF

23  A SOURCE OF SUBSTANTIVE RIGHTS, but MERELY PROVIDES A METHOD FOR

24  VINDICATING FEDERAL RIGHTS CONFERRED ELSEWHERE. GRAHAM V. CONNER

25  490 U.S 386, 393-94 (1989).

26  TO STATE A CLAIM UNDER § 1983, A PLAINTIFF MUST ALLEGE TWO

27  ESSENTIAL ELEMENTS: (1) THAT A RIGHT SECURED BY THE CONSTITUTION

28  OR LAWS OF THE UNITED STATES WAS VIOLATED AND (2) THAT THE

(9)

1  ALLEGED VIOLATION WAS COMMITTED BY A PERSON ACTING UNDER THE

2  COLOR OF STATE LAW. SEE WEST V. ATKINS, 487 U.S. 42, 48 (1988);

3  KETCHUM V. ALAMEDA COUNTY, 811 F.2d 1243, 1245 (9TH CIR 1987)

4  THE EIGHTH AMENDMENT PROTECTS PRISONERS FROM HUMANE METHODS

5  OF PUNISHMENT AND FROM HUMANE CONDITIONS OF CONFINMENT.

6  MORGAN V. MORGENSEN, 465 F.3d 1041 (9TH CIR 2006). ALTHOUGH PRISON

7  CONDITIONS MAY BE RESTRICTED AND HARSH, PRISON OFFICIALS MUST PROVIDE

8  PRISONER WITH FOOD, CLOTHING, SHELTER, SANITATION, MEDICAL CARE AND

9  PERSONAL SAFETY. FARMER V. BRENNAN, 511 U.S. 825, 832-33 (1994)

10  (CITATION OMITTED). PRISON OFFICIALS HAVE A DUTY TO TAKE REASONABLE

11  STEPS TO PROTECT FROM PHYSICAL ABUSE. FARMERS, 511 U.S. AT 833.

12  PLAINTIFF HAS CLEARLY BEEN VICTIMIZED BY DEFENDANTS ARNETT, SGT.

13  ROMO, AND NURSE LOPEZ, TO ESTABLISH A VIOLATION OF THIS DUTY,

14  THE PRISONER MUST ESTABLISH THAT PRISON OFFICIALS WERE "DELIBERATELY

15  INDIFFERENT" TO SERIOUS THREATS TO THE INMATES SAFETY. Id. AT 834.

16  "MERE NEGLIGENCE IS NOT SUFFICIENT TO ESTABLISH LIABILITY. FROST V.

17  AGNOS, 152 F.3d 1124, 1128 (9TH CIR. 1998).

18  RATHER, A PLAINTIFF MUST SET FORTH FACTS TO SHOW THAT DEFENDANT

19  KNEW OF, BUT DISREGARDED, AN EXCESSIVE RISK TO INMATE SAFETY.

20  FARMER, 511 U.S. AT 837. THAT IS, "THE OFFICIAL MUST BOTH BE AWARE

21  OF FACTS FROM WHICH THE INFERENCE COULD BE DRAWN THAT A

22  SUBSTATIAL RISK OF SERIOUS HARM EXISTS, AND HE MUST ALSO DRAW

23  THE INFERENCE." Id. PLAINTIFF STATES THAT DEFENDANTS ARNETT, SGT.

24  ROMO AND NURSE LOPEZ, HAD KNOWLEDGE OF THE FACT THAT

25  PLAINTIFF WAS SHOT (3) TIMES BY DEFENDANT ARNETT, BUT

26  FAILED TO ACT IN A PROFESSIONAL MANNER SUCH AS

27  PROVIDING THE PROPER MEDICAL CARE. "INADEQUATE MEDICAL CARE"

28  SGT. ROMO, COERCED NURSE LOPEZ, TO DEPRIVE PLAINTIFF OF

(10)

1. HIS RIGHTS TO BE TREATED FOR THE (3) GUN SHOT WOUNDS THAT
2. HE RECIEVED AT THE HANDS OF DEFENDANT ARNETT. A CLAIM OF
3. MEDICAL INDIFFERENCE REQUIRES (1) A SERIOUS MEDICAL NEED,
4. AND (2) A "DELIBERATELY INDIFFERENT" RESPONSE BY DEFENDANT.
5. JETT V. PENNER, 439 F.3d 1091, 1096 (9TH CIR. 2006)
6. A SERIOUS MEDICAL NEED MAY BE SHOWN BY DEMONSTRATING
7. THAT "FAILURE TO TREAT A PRISONER'S CONDITION COULD RESULT IN
8. FURTHER SIGNIFICANT INJURY OR THE "UNNECESSARY AND WANTON
9. INFLICTION OF PAIN". Id; SEE ALSO MCGUCKIN V. SMITH, 974 F.2
10. 1050 - 1059 - 60 (9TH CIR. 1992). THE DELIBERATE INDIFFERENCE STANDARD
11. IS MET BY SHOWING (a) A PURPOSEFUL ACT OR FAILURE TO RESPOND TO
12. A PRISONER'S PAIN OR POSSIBLE MEDICAL NEED AND (b) HARM CAUSED
13. BY THE INDIFFERENCE.
14. HERE THE PLAINTIFF WAS SHOT WITH THE 40 MM (3) TIMES, THE
15. FIRST SHOT BROKE HIS LEG COMPLETELY IN HALF AND THE
16. SECOND SHOT TOOK A CHUNK OF SKIN OFF THE PLAINTIFF'S
17. RIGHT THIGH AND THE THIRD SHOT TOOK A CHUNK OF SKIN
18. OFF HIS RIGHT BUTTOCK, DEFENDANT SGT. ROME ORDERED
19. NURSE LOPEZ, TO DISREGARD MY INJURIES AND PLAINTIFF
20. SPENT (3) DAYS BLEEDING FROM THE RIGHT THIGH AND BUTTOCK.
21. PLAINTIFF'S MEDICAL RECORDS SUPPORTS CLAIM.
22. "LINKAGE". UNDER § 1983, PLAINTIFF MUST DEMONSTRATE THAT
23. EACH NAME DEFENDANT PERSONALLY PARTICIPATED IN THE
24. DEPRIVATION OF HIS RIGHTS. Iqbal, 556 U.S. 662, 676-77 (2009);
25. SIMMONS V. NAVAJO COUNTY. ARIZ. 609 F.3d 1011, 1020-21 (9TH CIR 2010)
26. EWING V. CITY OF STOCKTON, 593 F.3d 1218, 1235 (9TH CIR 2009);
27. JONES V. WILLIAMS, 297 F.3d 930, 934 (9TH CIR. 2002). LIABILITY
28. MAY NOT BE IMPOSED ON SUPERVISORY PERSONEL UNDER

(11)

THE THEORY OF RESPONDANT SUPERIOR, AS EACH DEFENDANT IS ONLY LIABLE FOR HIS OR HER OWN MISCONDUCT. Iqbal, 556 U.S. AT 676-77; EWING, 588 F.3d AT 1235. SUPERVISOR MAY ONLY BE HELD LIABLE IF THEY "PARTICIPATED IN OR DIRECTED THE VIOLATIONS, OR KNEW OF THE VIOLATION AND FAILED TO ACT TO PREVENT THEM". TAYLOR V. LIST, 880 F.2d 1040, 1045 (9TH CIR. 1989); Accord  STARR V. BACA, 652 F.3d 1202, 1205-08 (9TH CIR. 2011); CORALES V. BENNETT, 567 F.3d 554, 570 (9TH CIR. 2009); PRESCHOOLER II V. CLARK CNTY. SCH. Bd. OF TRS., 479 F.3d 1175, 1182 (9TH CIR. 2007); HARRIS V. RODERICK, 126 F.3d 1189, 1204 (9TH CIR. 1997). EVERY PUNCH THAT PLAINTIFF RECIEVED FROM HIS ATTACKER AND EVERY SHOT PLAINTIFF RECIEVED FROM DEFENDANT ARNETT, PUTS DEFENDANT'S SGT. ROMO, AND NURSE LOPEZ, AT THE CENTER OF THE LINKAGE BOTH SGT. ROMO AND NURSE LOPEZ DESTROYED KEY EVIDENCE IN PLAINTIFFS' CASE.

## REQUEST FOR RELIEF

THE LOST OF CONSTITUTIONAL RIGHTS EVEN FOR A SHORT PERIOD OF TIME SUCH AS FIVE MINUTES CONSTITUTES IRREPARABLE INJURY IN MORE WAY THEN ONE. ELROD V. BURNS, 427 U.S. 347, 373 (1976) DEERFIELD MEDICAL CENTER V. CITY OF DEERFIELD BEACH, 661 F.2d 328, 338 (5TH CIR. 1981).

PLAINTIFF NOW HAS A LIFE TIME INJURY FROM THE EXCESSIVE FORCE OF THE DEFENDANT'S AND PLAINTIFF NOW BELIEVE THAT HE IS ENTITLED TO THE FOLLOWING RELIEF; DEFENDANT SGT. ROMO, $1,000,000

DEFENDANT NURSE LOPEZ, $1,000,000

DEFENDANT ARNETT, $1,500,000

FOR MY LIFE LONG INJURY, PAIN AND SUFFERING, AND PUNITIVE DAMAGES.

(12)

DATE: 4-15-2018

Kevin Simmons

(13)

<u>DECLARATION</u>

I UNDERSTAND THAT A FALSE STATEMENT OR ANSWER TO ANY QUESTIONS IN THIS DECLARATION WILL SUBJECT ME TO PENALTIES OF PERJURY.

*Kevin Simmons*

I KEVIN SIMMONS, DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: APRIL 15, 2018

*Kevin Simmons*

(14)

Kevin Simmons (P-23096)
L.A.C.S.P. CZ-124
P.O. Box 4610
Lancaster, CA. 93539

Legal and
Confidential
Mail

CDCR STATE PRISON GENERATED MAIL

RECEIVED
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
APR 27 2018
BY DEPUTY

KES

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 26 2018
CENTRAL DISTRICT OF CALIFORNIA
BY

United States District Court
Office of the Clerk
U.S. Courthouse, Room G8
Los Angeles, CA.
90012

Official Business

Nasler
04/23/2018
US POSTAGE $001.63°
FIRST CLASS MAIL
ZIP 93536
011D11654181